Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| JUAN ENRIQUE MOLINA, MIRNA IRIS APONTE RODRÍGUEZ; LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS<br><br>Recurridos<br><br>V.<br><br>EAGS, LLC H/N/C CALICHI GASTROBAR Y OTROS<br><br>Peticionarios | KLCE202401365 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2023CV01784 (701)<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 24 de febrero de 2025.

El 17 de diciembre de 2024, compareció ante este Tribunal de Apelaciones, EAGS, LLC. h/n/c Calichi Gastrobar (en adelante, parte peticionaria o EAGS), por medio de *Certiorari.* La parte peticionaria nos solicita que revisemos la *Resolución* emitida el 16 de noviembre de 2024 y notificada el 18 de noviembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Bayamón. En virtud del aludido dictamen, el foro *a quo* declaró No Ha Lugar la *Solicitud de Sentencia Sumaria Parcial* presentada por EAGS.

Por los fundamentos que expondremos a continuación, se deniega la expedición del recurso de *Certiorari*

### I

El recurso de marras tiene su génesis en una *Demanda* sobre daños y perjuicios, instada el 2 de abril de 2023, por el señor Juan E. Molina Nieves (en adelante, señor Molina Nieves), la señora Mirna

Número Identificador

RES2025 _____

Iris Aponte Rodríguez (en adelante, señora Aponte Rodríguez) y la Sociedad Legal de Bienes Gananciales compuesta por ambos (en adelante, parte recurrida), en contra de la parte peticionaria; el señor Félix Rodríguez por sí y en representación de la Sociedad Legal de Gananciales compuesta por Jane Doe; Jane Doe; el señor Érick García por sí y en representación de la Sociedad Legal de Bienes Gananciales compuesta con Juana Doe; Juana Doe; el señor Juan C. González por sí y en representación de la Sociedad Legal de Bienes Gananciales compuesta con Ana Doe; Ana Doe; Corporación ABC hnc Calichi Gastrobar; Compañías de Seguro y John Doe. En apretada síntesis, la parte recurrida sostuvo que, los hechos que suscitaron la controversia de epígrafe se remontan al 31 de julio de 2022, en las inmediaciones del Restaurante Calichi Gastrobar, cuando el señor Molina Nieves se presentó en dicho restaurante en su caballo para encontrarse con unas amistades. Alegó que, al decidir partir del restaurante, tuvo que tomar el único camino que llevaba a la carretera principal, el cual se encontraba en total oscuridad. Describió que, dicho camino contaba con una cuesta empinada y cerrada y que cuando "la fue a tomar el caballo se fue por la misma" y que ello ocasionó que el señor Molina Nieves se cayera del caballo y sufriera varios daños. Conforme a lo anterior, le imputó negligencia a la parte peticionaria y argumentó que los demandados eran solidariamente responsables de los daños alegados en la *Demanda*. Además, solicitó una partida por concepto de daños ascendiente a la cantidad de cien mil dólares ($100,000).

El 9 de mayo de 2023, la parte recurrida presentó la *Moción donde se Solicita Enmienda a la Demanda*. Lo anterior, con el propósito de enmendar el nombre de uno de los demandados que había sido denominado incorrectamente. A tales efectos, el 13 de junio de 2023, se presentó la *Demanda Enmendada*.

La parte peticionaria interpuso la *Contestación a la Demanda Enmendada* el 7 de julio de 2023.

El 8 de agosto de 2023, el señor Juan C. González Fuentes y la señora Olga B. Rodríguez Morales, incoaron su *Contestación a Demanda Enmendada.*

Por otro lado, el 7 de diciembre de 2023, el señor Erik García Santiago presentó la *Solicitud de Desestimación Parcial,* donde solicitó que se desestimara con perjuicio la demanda instada en su contra, al amparo de la Regla 10.2 (5) de Procedimiento Civil. En igual fecha, el señor Félix Maldonado López presentó la *Solicitud de Desestimación Parcial.*

En respuesta a dichas solicitudes de desestimación, la parte recurrida presentó la *Réplica a Solicitud de Desestimación presentada por Félix Maldonado y Réplica a Solicitud de Desestimación presentada por Erick García.*

La primera instancia judicial emitió *Sentencia Parcial* respecto a las solicitudes de desestimación parcial. Mediante esta, ordenó el archivo y sobreseimiento del caso en cuanto a los codemandados Erick García Santiago y Félix Maldonado López, con perjuicio.

Así las cosas, el 27 de agosto de 2024, la parte peticionaria presentó la *Solicitud de Sentencia Sumaria Parcial.* En su solicitud, adujo que, en el pleito de epígrafe no existía un nexo causal entre el incidente objeto de la controversia y la conducta imputable a EAGS. Negó ser propietaria del camino donde se alegó ocurrió el incidente, y tener control y/o jurisdicción sobre este. Propuso once (11) hechos que, a su juicio, no se encontraban en controversia. Sostuvo que, procedía que se desestimara sumariamente y con perjuicio la demanda instada en su contra.

El Tribunal de Primera Instancia, le concedió a la parte recurrida veinte (20) días, para expresar su posición mediante *Orden* emitida el 27 de agosto de 2024.

Por otro lado, la parte recurrida presentó el 19 de septiembre de 2024 la *Réplica a Solicitud de Sentencia Sumaria Presentada por EAGS LLC*. Arguyó que, no procedía eximir a EAGS pues, existían elementos para imponerle responsabilidad. Además, adujo que, procedía que se dictara sentencia sumaria en contra de la parte recurrida y se le impusiera responsabilidad por las condiciones que existían en el camino para llegar al restaurante.

El 26 de septiembre de 2024, notificada en igual fecha, el foro primario emitió la *Orden* que se transcribe:

> Al revisarse tanto la "Solicitud de Sentencia Sumaria Parcial" presentada el 27 de agosto de 2024 por el codemandado, EAGS, LLC h/n/c Calichi Gastrobar (EAGS) como la "Réplica A Solicitud De Sentencia Sumaria Presentada Por EAGS LLC" instada el 17 de septiembre de 2024 por la parte demandante, el Sr. Juan E. Molina, su esposa, la Sra. Mirna Iris Aponte Rodríguez y la Sociedad Legal de Bienes Gananciales compuesta por ambos observamos que en cuanto a la moción presentada por la parte demandante a pesar de que lo intitula como una réplica la misma no cumple con lo dispuesto en la Regla 36.3 (b) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3 (b) la cual regula el formato de una oposición a una solicitud de sentencia sumaria. La parte demandante en su moción no presenta de manera organizada cuáles son los hechos incontrovertidos y controvertidos que expone la solicitud de sentencia sumaria parcial instada por EAGS. En realidad, la moción presentada por la parte demandante no es una oposición, sino que es otra solicitud de sentencia sumaria ya que dicha parte solicita que se declare Ha Lugar la misma y se imponga responsabilidad a EAGS por las condiciones del camino que existía para llegar al restaurante además de presentar su propuesta de hechos esenciales sobre los que presuntamente no existen controversias conforme lo dispone la Regla 36.3 (a) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3 (a). Respecto a dicho particular, EAGS no ha presentado todavía una oposición a la mencionada solicitud de sentencia sumaria instada por la parte demandante como lo dispone la Regla 36.3 (b) de Procedimiento Civil, supra.
>
> Es por todos conocidos (sic), que la Regla 36.3 (b) de Procedimiento Civil, 32 LPRA Ap.V, R. 36.3 (b), señala que una oposición debe contener una relación concisa y organizada, con una referencia a los párrafos enumerados por la parte promovente, de los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en

evidencia que se encuentre en el expediente del tribunal; una enumeración de los hechos que no están en controversia, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal y también las razones por las cuales no debe ser dictada la sentencia, argumentando el derecho aplicable.

Por lo antes mencionado, se le ordena a EAGS a que en un término improrrogable de 10 días contados a partir de la notificación de esta Orden presente una oposición a la solicitud de sentencia sumaria presentada el 17 de septiembre de 2024 por la parte demandante. Igualmente, se ordena a la parte demandante a que en dicho término improrrogable de 10 días presente conforme lo dispone las Reglas de Procedimiento Civil su oposición a la solicitud de sentencia sumaria presentada el 27 de agosto de 2024 por EAGS. Dichas mociones de oposición deben versar solamente sobre lo planteado en las respectivas solicitudes de sentencia sumaria ante nos, así como aclarar cuáles son los hechos controvertidos e incontrovertidos en el presente caso y cumplir a cabalidad con la Regla 36.3 (b) de Procedimiento Civil, 32 LPRA Ap.V, R. 36.3 (b), así como la doctrina jurisprudencial expuesta en *SLG Zapata v. J.F. Montalvo*, 189 DPR 414 (2013); *Meléndez González v. M. Cuebas, Inc. y Bohío International Corporation*, 193 DPR 100 (2015); *Javier E. Lugo Montalvo v. Sol Meliá Vacation Club*, 194 DPR 209 (2015) y *Enrique Rodríguez Méndez, ets als v. Laser Eye Surgery Management of Puerto Rico, Inc. et. al.*,195 DPR 769 (2016) y *Roldán Flores v. M. Cuebas, Inc.*, 199 DPR 664 (2018). Una vez presentadas, el tribunal procederá a resolver ambas solicitudes de sentencia sumaria y no se permitirán dúplicas o réplicas sobre dichas mociones dispositiva[s] a menos de que se solicite el correspondiente permiso al tribunal y este foro lo entienda necesario. De incumplir, EAGS y la parte demandante con la Orden emitida, el tribunal resolverá conforme a derecho dichas solicitudes de sentencia sumaria[.]

En cumplimiento con lo ordenado, la parte recurrida presentó el 7 de octubre de 2024, la *Moción en Cumplimiento de Orden y Réplica Suplementaria a Solicitud de Sentencia Sumaria Presentada por EAGS LLC.* Argumentó que, de un examen de los hechos que no se encontraban en controversia, se podía determinar que estos no eran suficientes para eximir de responsabilidad a EAGS. Por tanto, le solicitó al foro primario que declarara con lugar su moción y sin lugar a la solicitud de sentencia sumaria presentada por la parte peticionaria.

Por su parte, EAGS presentó la *Oposición a "Réplica a Solicitud de Sentencia Sumaria Presentada por EAGS LLC"*. En su moción, la parte peticionaria argumentó que, la parte recurrida había incumplido con las disposiciones de la Regla 36.3(b)(2) de Procedimiento Civil, en la medida en que, omitió citar específicamente los párrafos según enumerados por EAGS, que entendía se encontraban en controversia, así como detallar la evidencia admisible para sostener la impugnación, con cita a la página o sección. Asimismo, adujo que, procedía que el Tribunal de Primera Instancia denegara de plano la solicitud de la parte recurrida, ya que, al evaluar su contenido y la prueba, EAGS no asumió control ni jurisdicción del camino en cuestión. Nuevamente, solicitó al foro *a quo* que dictara sentencia sumaria a su favor, y que así desestimara la demanda con perjuicio en cuanto a EAGS.

Finalmente, el 16 de noviembre de 2024 notificada el día 18 del mismo mes y año, el Tribunal de Primera Instancia emitió la *Resolución* cuya revisión nos ocupa, en la cual consignó los siguientes hechos incontrovertidos:

### HECHOS INCONTROVERTIDOS

1) El 28 de diciembre de 2020, Calichi, LLC., representada por sus oficiales, el Sr. Juan González Fuentes y el Sr. Juan Maldonado Lozada, y EAGS, representada por sus oficiales, el señor Maldonado Rodríguez y el señor García, suscribieron un contrato de arrendamiento.

2) En el contrato de arrendamiento se expone que Calichi, LLC es dueña en (sic) de una finca que ubica en la carretera PR-152, a la altura del kilómetro 18.3, en el Barrio Cedro Abajo, de Naranjito, P.R.:

   "UNO: EL ARRENDADOR es dueño en pleno dominio de la siguiente· PROPIEDAD: Finca ubicada en la Carr. 152 Km 18.3, Bo Cedro Abajo, Naranjito, PR 00719"

3) Del contrato de arrendamiento se desprende que CALICHI, LLC cedió en arrendamiento a EAGS una estructura de acero que ubica en la finca:

"DOS: EL ARRENDADOR por la presente cede en arrendamiento al ARRENDATARIO una estructura en acero con dimensiones de 42' x 60' de la Finca anteriormente descrita, la cual de aquí en adelante se designará como la PROPIEDAD. Además, el ARRENDADOR aportará la cantidad de $18,000 para mejoras".

4) Calichi, LLC y EAGS acordaron que EAGS ocuparía la estructura de acero única y exclusivamente para operar un restaurante:

"3. USO DE LA PROPIEDAD Y CUMPLIMIENTO CON LAS LEYES i. EL ARRENDATARIO ocupará la PROPIEDAD para propósitos única y exclusivamente para restaurante incluyendo el estipendio de bebidas alcohólicas".

5) EAGS se obligó a relevar de responsabilidad a Calichi, LLC ante cualquier daño sufrido por alguno de sus clientes y visitantes mientras hacen uso de la propiedad arrendada, excepto cuando ese daño haya sido ocasionado por la negligencia del propio arrendador:

"5. RESPONSABILIDAD CIVIL
[…]
iv. EL ARRENDADOR, sus socios, directores, oficiales, empleados, sucesores o cesionarios, no serán responsables de los daños que sufra o pueda sufrir, el ARRENDATARIO, sus agentes, empleados, clientes, o visitantes mientras hacen uso o se encuentren en el edificio o en la PROPIEDAD arrendada, salvo que los daños fueran causados por culpa y negligencia del ARRENDADOR, en cuya eventualidad se actuará conforme a derecho".

6) EAGS se obligó a efectuar, a su propio costo, las reparaciones que afecten la integridad de la estructura, incluyendo el estacionamiento:

"13. REPARACIONES Y MANTENIMIENTO
[…]
iv. EL ARRENDATARIO se hará cargo de las reparaciones que afecten la integridad de la estructura, así como las del estacionamiento".

7) Calichi, LLC y EAGS acordaron que el contrato de arrendamiento tendría vigencia por un término de diez (10) años:

"2. TÉRMINO Y RENOVACIÓN

i. El término del contrato es de 10 años a partir retroactivamente a partir del 1 de noviembre de 2020".

8) En el local arrendado, EAGS opera y administra el restaurante conocido como Calichi Gastrobar, en Naranjito, P.R.

9)    La finca, en la cual EAGS opera el Restaurante Calichi Gastrobar, está facultada con un solo camino que discurre dentro del inmueble.

10)   La propiedad arrendada sería para uso exclusivo de la operación de un restaurante incluyendo el estipendio de bebidas alcohólicas.

11)   Para llegar al negocio solo existe una carretera que discurre dentro del inmueble.

12)   En cuanto al estacionamiento el contrato indica lo siguiente:

V. EL ARRENDADOR no será responsable ni proveerá ningún tipo de seguridad (guardias ni equipo de seguridad) en la PROPIEDAD ni en el estacionamiento (ya sea el de los clientes ni el de los empleados).

13)   En el acápite X de la sección 16 del contrato se establece que: El arrendatario se compromete a notificar al arrendador cualquier condición de peligrosidad que advenga en conocimiento de manera tal que el Arrendador pueda tomar las medidas necesarias para su corrección.

14)   De la solicitud de sentencia sumaria no surge que el arrendatario haya notificado al arrendador de cualquier condición de peligrosidad conforme a la cláusula antes mencionada.

15)   Del contrato de arrendamiento surge que el arrendatario liberó al arrendador de responsabilidad frente a terceras personas por la negligencia del arrendatario y se comprometió a asumir la referida responsabilidad.

16)   Surge además que el arrendatario recibió la propiedad en buen estado.

De igual manera, determinó que existían algunos hechos en controversia respecto a las reparaciones realizadas en la propiedad, los cuales eran los siguientes:

1)    La interpretación del contrato de arrendamiento suscrito entre Calichi, LLC y EAGS así como la intención de ambas partes en dicho contrato.

2)    Si el contrato de arrendamiento incluye los alrededores de la propiedad (entre ellos el camino objeto de litigio) como parte del negocio jurídico suscrito entre Calichi, LLC y EAGS.

3)   Si EAGS como arrendatario posee control y jurisdicción sobre el camino donde se alega ocurrió el accidente.

4) Si existe una condición peligrosa en el camino donde presuntamente ocurrió el accidente.

5) Si EAGS tenían conocimiento de alguna condición peligrosa existente en el camino donde ocurrieron los hechos de la demanda.

6) Si en el lugar donde presuntamente ocurrió el accidente había alguna valla de seguridad, iluminación y letreros que advirtieran sobre alguna condición peligrosa que existiese en ese lugar.

7) Si el camino donde aparentemente ocurrió el accidente es apto para que una persona montada a caballo pueda subir hacia el restaurante y si existen letreros que prohíbe ese tipo de acción a los clientes.

8) Si al camino se le brinda el mantenimiento, así como las medidas de seguridad requeridas, si existe una obligación de EAGS respecto a ese asunto y si dicha parte cumple con el mismo.

9) Si la parte demandante al transitar por el camino montado a caballo tomó las debidas precauciones.

10) Si el accidente objeto de la demanda fue causado por alguna conducta imputable a EAGS.

11) La negligencia de las partes, si alguna.

12) Los daños, si alguno.

Además, razonó que, al evaluar el expediente del caso y las mociones presentadas por las partes y ante la existencia de elementos subjetivos de intención, credibilidad y negligencia, el caso debía ser examinado en un juicio en su fondo y no disponerse mediante sentencia sumaria.

Consecuentemente, en su *Resolución* el foro primario resolvió lo siguiente:

> Evaluadas las mociones presentadas y adoptados por referencia los fundamentos antes expuestos, haciéndolos formar parte integral de la presente Resolución, este Tribunal procede a declarar **No Ha Lugar** la "Solicitud de Sentencia Sumaria Parcial" instada el 27 de agosto de 2024 por el codemandado, EAGS y **No Ha Lugar** la solicitud de sentencia sumaria intitulada "Réplica A Solicitud De Sentencia Sumaria Presentada Por EAGS LLC" presentada el 17 de septiembre de 2024, por la parte demandante, el señor Molina, la señora Aponte y la Sociedad Legal de Bienes Gananciales compuesta por ambos. En consecuencia, se ordena la continuación de los procedimientos.

Inconforme con la determinación del foro *a quo*, el 17 de diciembre de 2024, compareció ante este foro apelativo la parte peticionaria mediante recurso de *Certiorari*, en el que esbozó el siguiente señalamiento de error:

> Erró el Tribunal de Primera Instancia al catalogar hechos en controversia, cuando realmente son controversias de derecho relacionadas al planteamiento de EAGS.

El 8 de enero de 2025, la parte recurrida incoó su *Alegato en Oposición a Certiorari*.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II**

### *A. El Certiorari*

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[1]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

---

[1] Véase también *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no

intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla.

**III**

En el recurso que nos ocupa, la parte peticionaria sostiene que, el Tribunal de Primera Instancia incidió al catalogar hechos en controversia, cuando eran controversias de derecho relacionadas al planteamiento de EAGS.

Evaluado el recurso presentado por la parte peticionaria, colegimos que, en ausencia de los criterios expuestos en la Regla 40 del Reglamento de este Tribunal, *supra,* no intervendremos con el mismo. El señalamiento de error antes reseñado, por los fundamentos aducidos en la petición, no pueden activar nuestra jurisdicción discrecional en el caso de autos. La decisión recurrida no es manifiestamente errónea y encuentra cómodo asilo en la sana discreción del Tribunal de Primera Instancia.

Por otro lado, la parte peticionaria tampoco ha logrado persuadirnos de que nuestra abstención apelativa en este momento y sobre el asunto planteado constituiría un rotundo fracaso de la justicia.[2]

---

[2] Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

**IV**

Por los fundamentos que anteceden, se deniega la expedición del recurso de *Certiorari.*

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones